Dear Commissioner Brown:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. You question whether the Department of Insurance has the authority to establish a leave policy for its unclassified employees.
In your letter you mention Executive Order BR-88-23. That order stated that the rules and policies established by that order were applicable to all officers and employees in unclassified state service including all employees of the Executive Office within the Office of the Governor, with certain exceptions. One of the exceptions listed included, "employees of a system that is authorized by the Constitution or legislative act to manage and supervise its own system".
More recently, Executive Order MJF 96-79, dealing with unclassified state employee leave, stated that the order was applicable to all officers and employees in the unclassified service of the Executive Branch of the State of Louisiana, "except elected officials and officers and employees of a system that is authorized by the Constitution or legislative act to manage and supervise its own system".
In Attorney General Opinion No. 89-216, a copy of which is attached hereto, we held that the Department of Elections and Registration was excluded from the application of Executive Order No. BR-88-23. The opinion held that the Commissioner of Elections by legislative act is authorized to "organize, plan, supervise, direct, administer, execute, and be responsible for the functions and programs vested in the department". LSA-R.S. 36:662(4). In that opinion, we held that such legislative act gave the Commissioner of Elections the authority to manage and supervise the Department of Elections and Registration and fell within the exception provided by Section 1.7 of Executive Order BR-88-23.
Also, by legislative act, the Commissioner of Insurance is authorized to, "organize, plan, supervise, direct, administer, execute, and be responsible for the functions and programs vested in the department, in the manner and to the extent provided in this title". LSA-R.S. 36:682.
It is our opinion that such legislative authorization falls within the exception provided by Executive Order MJF 96-79, which excludes application of the order to, ". . . elected officials and officers and employees of a system that is authorized by the Constitution or legislative act to manage and supervise its own system".
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB:glb
Attachment
State of Louisiana
DEPARTMENT OF JUSTICE Baton Rouge
WILLIAM J. GUSTE, JR. 70804 ATTORNEY GENERAL
APRIL 17, 1989
IN RE OPINION NUMBER 89-216
OPINION NO. 89-216
 92-A-1 Registrar of Voters LSA-R.S. 36:662 Executive Order BR-88-23 La. Const. Art. 11, Sec. 1
Mr. Robley P. "Shine" Dominigue Registrar of Voters and their Assistant Commissioner of employees are exempt from the Election application of Executive Order P.O. Box 14179 BR-88-23. Baton Rouge, LA 70890-4179 Mr. Robley P. "Shine" Dominigue Baton Rouge, LA
Henry A. Barham, III